## THE STATE vs. HELLER.

*March 25 — April 8, 1890.*

*Criminal law: Limitation: Absence from state: Seduction.*

Secs. 4629, 4630, R. S., limit prosecutions for felonies and lesser offenses to six years and three years respectively " unless otherwise provided by law." Sec. 4631 provides that any period of time during which the accused was not a resident within this state " shall not be computed as any part of the time of limitation mentioned in the next two preceding sections." *Held,* that sec. 4631 affects only the six years and three years limitations of secs. 4629, 4630, and has no effect upon limitations prescribed in other sections, such as that of two years prescribed by sec. 4581 in case of seduction.

EXCEPTION from the Circuit Court for *Grant* County. The facts are stated in the opinion.

For the defendant there were briefs by *Clark & Taylor,* and oral argument by *John G. Clark.*

For the state there were briefs by the *Attorney General* and *J. W. Murphy,* district attorney for Grant county, and the cause was argued orally by the *Attorney General.*

LYON, J. October 18, 1889, an information in due form was filed in the circuit court of Grant county against the defendant under sec. 4581, R. S., charging him with the seduction of a female therein named on September 4, 1887. The defendant was tried for the offense charged, and convicted. He moved in arrest of judgment because the information shows on its face that it was not presented within two years after the commission of the offense, as required by said sec. 4581. On the hearing of the motion the court took further testimony, which proved that the defendant was continuously absent from this state from March 1 to the latter part of July, 1889, and thereupon denied the motion in arrest of judgment. An exception to

such ruling was immediately allowed and signed by the court, and the case is in this court on such exception. The record shows that the offense was committed in September, 1887, as alleged in the information.

Some questions of practice were discussed in the arguments, but they will be disregarded and the exception determined on its merits. Whether the exception is well taken or not depends upon the construction of the following sections of the Revised Statutes:

"Sec. 4629. An indictment or information for any offense which may be punished by imprisonment in the state prison, except murder, must be found or filed within six years after the commission thereof, unless otherwise provided by law.

"Sec. 4630. Any prosecution, by indictment, information, or otherwise, for a criminal offense not punishable by imprisonment in the state prison, must be commenced within three years after the commission thereof, unless otherwise provided by law.

"Sec. 4631. Any period of time during which the party charged with any offense was not usually and publicly a resident within this state, or during which any prosecution, by indictment, information, or otherwise, against him, for such offense, was pending, shall not be computed as any part of the time of limitation mentioned in the next two preceding sections."

The limitations affected by sec. 4631 are confined to the six years and three years limitations of the two preceding sections. This is quite obvious from the peculiar language of sec. 4631. That section provides that the period of time the accused is absent from the state "shall not be computed as any part of the time of limitation mentioned in the next two preceding sections." No *time* of limitation is mentioned in those sections other than six years and three years, neither of which have any application to the offense

here charged, which is prosecuted under sec. 4581, containing a limitation of two years. Had the legislature intended to enact that sec. 4631 should apply to all criminal prosecutions subject to limitation, it is fair to presume it would not have expressly restricted its operation to the time of limitation prescribed in the two specified sections.

It is claimed that the words "unless otherwise provided by law," in each of the two preceding sections, import into those sections all statutes for the punishment of crime in which other periods of limitation are prescribed, and thus bring those statutes (sec. 4581 being one of them) within the provisions of sec. 4631. The argument in support of this proposition is plausible, and, were we at liberty to construe these statutes liberally against the accused and in favor of the state, would be entitled to serious consideration. But we are not at liberty so to construe these provisions, and a reasonably strict construction thereof requires us to hold that sec. 4631 has no effect upon sec. 4581, and hence that the two years limitation of the latter section is absolute. It had run against the state before the information herein was presented, and, under the averments therein contained and the conceded facts disclosed in the record, there can be no valid conviction of the offense charged in such information.

It may be said that this decision allows a person guilty of a high crime to go unpunished. This is probably true, but it is a result for which the courts are not responsible. The accused remained in the state, subject to process, nearly a year and a half after the crime was committed, yet during all that time no one took sufficient interest in the matter to institute a prosecution therefor. Certainly there was no necessity for a failure of justice in this case, and we are not disposed to overturn settled legal rules in order to avert the consequences of such apparently inexcusable laches. These remarks have no reference to the learned district attorney of

Grant county. As soon as any citizen saw fit to make complaint against the accused, charging him with the crime, that officer doubtless prosecuted the matter with proper diligence.

The attorney general has submitted a motion to dismiss the exception for the reason that judgment has been entered upon the verdict. The record leaves it somewhat in doubt whether the accused was sentenced before or after his exception was allowed and signed. Because of this uncertainty, and because no conviction can be upheld, we do not feel called upon to pass upon the question raised by the motion. It is useless to drive the defendant to his writ of error when the case may just as well be finally disposed of on the exception.

*By the Court.*— The exception is sustained, and the circuit court directed to arrest judgment and discharge the defendant. This will, necessarily, annul the sentence.